### E. J. COLLINS V. THE STATE.

No. 3426.  Decided April 17, 1907.

**1.—Perjury—Statement of Facts—Filings.**

Where the record on appeal showed the filing of the statement of facts on the page immediately preceding and connected with the same, it constituted a part of the record and showed a sufficient filing of the statement of facts.

**2.—Same—Indictment—Certainty of Pleading.**

Where an indictment for perjury alleged that it became a material question whether the defendant charged money for prescribing medicines, etc., without naming such persons, and stating any times and places, etc., it was sufficient with-

out naming any particular person, place or time involved in the alleged false statement.

**3.—Same—Charge of Court—Harmless Error.**

Where upon trial for perjury, the evidence was amply sufficient to make out the case and the jury gave defendant the lowest punishment, a charge that the jury could consider the information and other proceedings in the cause in which the perjury was alleged to have been committed, and thereby determine his motive in making the false statement, was harmless error, if error.

Appeal from the District Court of Trinity. Tried below before the Hon. Gordon Boone.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of perjury, and his punishment assessed at two years in the penitentiary, and prosecutes this appeal.

We notice a suggestion on the part of the Assistant Attorney-General that the statement of facts was not filed in the court below. In this we believe he is in error. We find in connection with the statement of facts in the record the following: "Filed February 20, 1907, (Signed) Wirt N. Wood, Clerk District Court, Trinity County, Texas." This is the page immediately preceding and connected with the statement of facts, and we take it, was intended to constitute a part of the record.

Appellant made a motion to quash the indictment on various grounds. Among others, it is stated that said indictment alleges that it became a material question whether E. J. Collins charged money or other compensation for prescribing and giving drugs and medicines to persons under his treatment, without naming such persons, and stating any times, places, etc., when as shown by the information on which he was then being tried, the material question was whether or not defendant charged money or other compensation for prescribing and giving drugs and medicines to one Minnie Dennis, at the time and place as alleged in said information. It is true that the main question involved on the trial in the case on which the perjury is predicated here is as stated, but as incidental to said question, it is charged that appellant swore that he had never charged money or other compensation for prescribing and giving drugs and medicines to persons under his treatment. This was alleged to be material. While this was not the main issue to be tried, still it embraced the main issue and became and was a material inquiry in said trial. If appellant testified, as is alleged above, the effect would be to deny that he charged anything as a practicing physician or prescribing for Minnie Dennis; nor was it necessary, in our view, to name any particular person, place or time involved in the alleged false statement. We do not believe, therefore,

that the court erred in overruling the motion to quash on this ground.

In the motion for a new trial, we notice that appellant excepted to the following charge of the court: "The records of the case of The State of Texas v. E. J. Collins, No. 221, County Court of Trinity, County, Texas, the information, complaint, and the other papers and proceedings in said case, are introduced in evidence before you to be considered by you in passing upon the question as to the regularity and legality of the proceedings in said cause, and as to the motive, if any, inducing such statement, if any, to be made, and for no other purpose, and such papers and records will not be considered by you in passing upon the main issue; that is, the issue as to the deliberate and willful falsity of the alleged statement." It is claimed that this instruction was erroneous, in that the jury were thereby informed that they could consider the information and other proceedings in cause No. 221, in which the perjury is alleged to have been committed, for the purpose of determining the motive of the defendant in making the false statement. It would appear that these papers showing cause pending would be a necessary part of the evidence and would be testimony tending to show the motive of appellant in swearing falsely; that is, that there was a case pending against him, and his motive would be by his testimony to defeat that prosecution; but whether this be true or not, it occurs to us that the charge, even if it be conceded to be error, would not, under the circumstances of this case, require a reversal, the testimony being amply sufficient to make out the case, and the jury having given appellant the least punishment. We have examined the record carefully, and in our opinion there is no reversible error, and the judgment is accordingly affirmed.

*Affirmed.*